UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DONOVAN BROWN,

                            Plaintiff,

                                                            Case # 17-CV-6485-FPG

v.

                                                              DECISION AND ORDER

NANCY A. BERRYHILL, ACTING
COMMISSIONER OF SOCIAL SECURITY,

                            Defendant.
_____

## INTRODUCTION

Donovan Brown brings this action pursuant to the Social Security Act ("the Act") seeking review of the final decision of the Acting Commissioner of Social Security that denied his applications for disability insurance benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Act. ECF No. 1. The Court has jurisdiction over this action under 42 U.S.C. §§ 405(g), 1383(c)(3).

Both parties moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). ECF Nos. 10, 14. For the reasons that follow, Plaintiff's motion is GRANTED, the Commissioner's motion is DENIED, and this matter is REMANDED to the Commissioner for further administrative proceedings.

## BACKGROUND

On September 19, 2013, Brown protectively applied for DIB and SSI with the Social Security Administration ("the SSA"). Tr.[1] 342-51. He alleged disability since October 16, 2008 due to ascites, type II diabetes, neuropathy in the feet and lower legs, difficulty standing,

---
[1] References to "Tr." are to the administrative record in this matter.

1

retinopathy, chronic hip and back pain, and cirrhosis of the liver. Tr. 372-73. On October 5, 2015, Brown and a vocational expert ("VE") appeared and testified before Administrative Law Judge John P. Costello ("the ALJ"). Tr. 220-57. On January 21, 2016, the ALJ issued a decision finding that Brown was not disabled within the meaning of the Act. Tr. 16-25. On May 25, 2017, the Appeals Council denied Brown's request for review. Tr. 1-7. Thereafter, Brown commenced this action seeking review of the Commissioner's final decision. ECF No. 1.

## LEGAL STANDARD

### I. District Court Review

"In reviewing a final decision of the SSA, this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (quotation marks omitted); *see also* 42 U.S.C. § 405(g). The Act holds that a decision by the Commissioner is "conclusive" if it is supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (quotation marks omitted). It is not the Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) (quotation marks omitted); *see also Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990) (holding that review of the Secretary's decision is not *de novo* and that the Secretary's findings are conclusive if supported by substantial evidence).

### II. Disability Determination

An ALJ must follow a five-step sequential evaluation to determine whether a claimant is disabled within the meaning of the Act. *See Parker v. City of New York*, 476 U.S. 467, 470-71

(1986). At step one, the ALJ must determine whether the claimant is engaged in substantial gainful work activity. *See* 20 C.F.R. § 404.1520(b). If so, the claimant is not disabled. If not, the ALJ proceeds to step two and determines whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act, meaning that it imposes significant restrictions on the claimant's ability to perform basic work activities. 20 C.F.R. § 404.1520(c). If the claimant does not have a severe impairment or combination of impairments, the analysis concludes with a finding of "not disabled." If the claimant does, the ALJ continues to step three.

At step three, the ALJ examines whether a claimant's impairment meets or medically equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"). 20 C.F.R. § 404.1520(d). If the impairment meets or medically equals the criteria of a Listing and meets the durational requirement (20 C.F.R. § 404.1509), the claimant is disabled. If not, the ALJ determines the claimant's residual functional capacity ("RFC"), which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for the collective impairments. *See* 20 C.F.R. § 404.1520(e)-(f).

The ALJ then proceeds to step four and determines whether the claimant's RFC permits him or her to perform the requirements of his or her past relevant work. 20 C.F.R. § 404.1520(f). If the claimant can perform such requirements, then he or she is not disabled. If he or she cannot, the analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to show that the claimant is not disabled. To do so, the Commissioner must present evidence to demonstrate that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy" in light of his or her age, education, and work experience. *See Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation marks omitted); *see also* 20 C.F.R. § 404.1560(c).

## DISCUSSION

### I. The ALJ's Decision

The ALJ's decision analyzed Brown's claim for benefits under the process described above. At step one, the ALJ found that Brown had not engaged in substantial gainful activity since the alleged onset date. Tr. 18. At step two, the ALJ found that Brown has the following severe impairments: alcohol abuse, liver disease, diabetes mellitus, and mood disorder. Tr. 18-19. At step three, the ALJ found that these impairments, alone or in combination, did not meet or medically equal any Listings impairment. Tr. 19-20.

Next, the ALJ determined that Brown retains the RFC to perform light work,[2] but he can only frequently interact with coworkers and the public. Tr. 20-23. At step four, the ALJ relied on the VE's testimony and found that Brown can perform his past relevant work as a fast food manager and pantry goods maker. Tr. 23. The ALJ went on to make an alternative step five finding and determined that Brown can adjust to other work that exists in significant numbers in the national economy given his RFC, age, education, and work experience. Tr. 23-24. Specifically, the VE testified that Brown could work as a cafeteria attendant and cleaner/housekeeper. Tr. 24. Accordingly, the ALJ concluded that Brown was not "disabled" under the Act. Tr. 24-25.

---

[2] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, [the claimant] must have the ability to do substantially all of these activities. If someone can do light work, [the SSA] determine[s] that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time." 20 C.F.R. §§ 404.1567(b), 416.967(b).

**II.     Analysis**

Brown argues that remand is required because the ALJ erred at step two by finding that his diabetes retinopathy[3] constituted a nonsevere impairment and by ignoring that impairment when he made the RFC determination.[4]  ECF No. 10-1 at 17-22; ECF No. 15.  The Court agrees.

At step two of the disability analysis, the ALJ considers the medical severity of the claimant's impairments.  20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).  A "severe impairment" is "any impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities." *Id.* at §§ 404.1520(c), 404.1521, 416.920(c), 416.921.  "Basic work activities" are "the abilities and aptitudes necessary to do most jobs." *Id.* at §§ 404.1521(b), 416.921(b). It is the claimant's burden to present evidence that establishes the severity of his impairment. *Id.* at §§ 404.1512(c), 416.912(c).  The claimant must demonstrate "that the impairment has caused functional limitations that precluded him from engaging in any substantial gainful activity for one year or more." *Perez v. Astrue*, 907 F. Supp. 2d 266, 272 (N.D.N.Y. 2012) (citing *Meadors v. Astrue*, 370 F. App'x 179, 182 (2d Cir. 2010) and *Rivera v. Harris*, 623 F.2d 212, 215 (2d Cir. 1980)).  A finding of "not severe" should be made if the medical evidence establishes only a slight abnormality that would have no more than a minimal effect on an individual's ability to work. *Id.* at 271; *see also* S.S.R. 85-28, 1985 WL 56858, at *3 (S.S.A. Jan. 1, 1985).

"An error at step two—either a failure to make a severity determination regarding an impairment, or an erroneous determination that an impairment is not severe—can be harmless error

---

[3] Diabetes retinopathy is the most common cause of vision loss among individuals with diabetes. *See* Facts about Diabetic Eye Disease, National Eye Institute (NEI), *available at* https://nei.nih.gov/health/diabetic/retinopathy (last visited June 12, 2018). The condition affects blood vessels in the retina that lines the back of the eye. *Id.*

[4] Brown advances another argument that he believes requires reversal of the Commissioner's decision. ECF No. 10-1 at 22-26. However, because the Court disposes of this matter based on the ALJ's failure to properly consider his nonsevere impairment in the RFC analysis, that argument need not be reached.

5

if the ALJ continues the analysis and considers all impairments in [his] RFC determination." *Sech v. Comm'r of Soc. Sec.*, No. 7:13-CV-1356 GLS, 2015 WL 1447125, at *3 (N.D.N.Y. Mar. 30, 2015); *see* 20 C.F.R. §§ 404.1545(a)(2), 416.945(a)(2) ("We will consider all of your medically determinable impairments of which we are aware, including your medically determinable impairments that are not 'severe' . . . when we assess your [RFC]."). Remand is required if the ALJ fails to account for the claimant's nonsevere impairments when determining his RFC. *See Parker-Grose v. Astrue*, 462 F. App'x 16, 18 (2d Cir. 2012) (summary order) ("[A]fter finding that [the claimant]'s mental impairment of depression does not cause more than minimal limitation in her ability to perform basic mental work activities and is therefore nonsevere, . . . the ALJ determined [the claimant]'s RFC without accounting for any of the limitations arising from her mental impairment[.] Thus, the ALJ committed legal error."); *Schmidt v. Colvin*, No. 15-CV-2692 (MKB), 2016 WL 4435218, at *13 (E.D.N.Y. Aug. 19, 2016) ("Where an ALJ fails to account for any functional limitations associated with the [non-severe] impairments in determining the claimant's RFC, a court must remand for further administrative proceedings.") (quotation marks and citations omitted).

Here, the ALJ recognized at step two that medical records diagnosed Brown with diabetes retinopathy, but he concluded that this impairment was nonsevere because it only minimally affected Brown's ability to perform work activities. Tr. 19. In making that conclusion, the ALJ found that this impairment "shows no evidence of severe symptoms, ongoing/consistent treatment, or vocational limitations." *Id.*

Regardless of whether the ALJ properly classified this impairment as nonsevere, remand is required because he did not consider it when assessing Brown's RFC. Tr. 20-23; *see Parker-Grose*, 462 F. App'x at 18 (holding that even if substantial evidence supported the ALJ's decision

6

that the plaintiff's mental impairment was nonsevere, "it would still be necessary to remand this case for further consideration because the ALJ failed to account for [the plaintiff's] mental limitations when determining her RFC"). Although the ALJ's step two conclusion indicates that Brown's diabetes retinopathy "shows no evidence of . . . vocational limitations," he cites no record evidence to support this assertion and provides no further explanation. Tr. 19. Moreover, the ALJ's RFC analysis does not mention this impairment at all and the RFC determination lacks any related visual limitations. Tr. 20-23.

Notably, the fast food manager, pantry goods maker, and cafeteria attendant jobs that the ALJ found Brown capable of performing all require near visual acuity,[5] which may be problematic for Brown in light of his diabetes retinopathy. Treatment notes indicate, for example, that Brown reported cloudy, double, and blurry vision, decreased vision sharpness and depth perception, visual flashes, difficulty reading, and eye pain. Tr. 449, 457, 489, 506-07, 627, 692, 696, 808. Treatment notes also diagnose Brown with myopia and indicate that he has a permanent left eye visual defect that cannot be improved with treatment. Tr. 476-77, 491. It is unclear whether the ALJ considered this evidence when he evaluated Brown's RFC, because the RFC analysis does not discuss Brown's diabetes retinopathy.

Accordingly, because the ALJ did not consider whether Brown's diabetes retinopathy imposed functional limitations when he made the RFC determination, remand is required. *See, e.g.*, *Schmidt*, 2016 WL 4435218, at *13 ("Because the ALJ failed to account for the limitations imposed by Plaintiff's non-severe mental impairments, the Court remands for consideration of those limitations in determining Plaintiff's RFC.").

---

[5] *See* Dictionary of Occupational Titles No. 185.137-010, 1991 WL 671285 (manager, fast food services); No. 317.684-014, 1991 WL 672751 (pantry goods maker); No. 311.677-010, 1991 WL 672694 (cafeteria attendant).

**CONCLUSION**

Plaintiff's Motion for Judgment on the Pleadings (ECF No. 10) is GRANTED, the Commissioner's Motion for Judgment on the Pleadings (ECF No. 14) is DENIED, and this matter is REMANDED to the Commissioner for further administrative proceedings consistent with this opinion, pursuant to sentence four of 42 U.S.C. § 405(g). *See Curry v. Apfel,* 209 F.3d 117, 124 (2d Cir. 2000). The Clerk of Court is directed to enter judgment and close this case.

IT IS SO ORDERED.

Dated: June 14, 2018
Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court